UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RAMON SANCHEZ,
   Petitioner,

v.

MARK STRANGE
JOHN ARMSTRONG,
   Respondents.

PRISONER
Case No. 3:01cv1558 (PCD)

**RULING AND ORDER**

The petitioner, Ramon Sanchez, is currently confined at the Osborn Correctional Institution in Somers, Connecticut. He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction on the charges of possession of narcotics with intent to sell, sale of narcotics, use of a person under eighteen years of age to possess narcotics with intent to sell and conspiracy to sell narcotics. Pending before the court is a motion to dismiss the second amended petition. For the reasons set forth below, the respondents' motion to dismiss is granted in part and denied in part.

**I. PROCEDURAL BACKGROUND**

In 1989, in the Connecticut Superior Court for the Judicial District of Hartford/New Britain, a jury found the petitioner guilty of possession of narcotics with intent to sell, sale of narcotics, use of a person under eighteen years of age to possess narcotics with intent to sell and conspiracy to sell narcotics. (See Second Am. Pet. Writ Habeas Corpus at 2.) Immediately after the jury's verdict, the petitioner pleaded guilty to the charge of being a felony persistent offender. (See id.) In August 1989, a judge sentenced the petitioner to a total term of imprisonment of

thirty-two years. (See id.) On June 11, 1991, the Connecticut Appellate Court affirmed the conviction. See State v. Sanchez, 25 Conn. App. 21, 592 A.2d 413 (1991).

In December 1994, the petitioner filed a state habeas petition challenging his conviction on the ground that he was not afforded effective assistance of counsel. (See Second Am. Pet. Writ Habeas Corpus at 3.) In his state habeas petition, the petitioner raised five claims of ineffective assistance of counsel. The petitioner claimed that trial counsel was ineffective because "(1) he failed to object to the competency of the State's witness at the time of her deposition; (2) he failed to object to the unsworn interpreter at her deposition; . . . (3) he failed to request a videotape of the deposition . . . [(4)] he failed to attend and object to the granting of the motion for deposition and [(5)] at the deposition failed to object to the deposition." Sanchez v. Warden, CV 94 0544833, CV 94 0542105, slip op. at 1 (Conn. Super. Ct. Jan. 26, 1998). After trial, the petitioner withdrew his claim regarding the unsworn interpreter and his claim regarding the videotape of the deposition. See id at 1-2. On January 26, 1998, the state habeas court denied the petition as to the remaining three claims. (See id. at 3-4.) The petitioner filed a petition for certification to appeal the denial of the habeas petition to the Connecticut Appellate Court. (See Mem. Support Mot. Dismiss, App. C.) The habeas court denied the petition for certification and the petitioner's motion for waiver of fees. (See id.) The petitioner then filed an appeal with the Connecticut Appellate Court. On appeal the petitioner raised two claims: (1) whether the habeas court abused its discretion in denying the petition for certification to appeal the denial of the habeas petition and (2) whether the habeas court erred in denying the habeas petition. On November 21, 2000, the Connecticut Appellate Court affirmed the decision of the habeas court per curiam. See Sanchez v. Commissioner of Correction, 60 Conn. App. 911, 726

A.2d 526 (2000) (per curiam). On January 3, 2001, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the decision of the Connecticut Appellate Court. See Sanchez v. Commissioner of Correction, 255 Conn. 925, 767 A.2d 99 (2001).

On July 24, 2001,[1] the petitioner filed this federal habeas petition. On April 29, 2002, the petitioner filed an amended petition. On May 30, 2002, the court issued an order directing the petitioner to clarify his claims and to resubmit his claims on an amended petition form that had been approved by the court. On June 25, 2002, the petitioner filed a second amended petition raising six grounds for relief.

## II. STANDARD OF REVIEW

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the

---

[1] Although the petition was received and docketed by the court on August 16, 2001, the court deems the petition filed as of the date it was signed and presumably handed to correctional officials for mailing to the court. See Houston v. Lack, 487 U.S. 266, 270-71, 274 (1988) (holding that prisoner motions are deemed filed at the time they are delivered to prison officials for mailing). The Second Circuit has applied this "mailbox rule" to pro se federal habeas corpus petitions. See Noble v. Kelly, 246 F.3d 93, 97-98 (2d. Cir.), cert. denied, 534 U.S. 886 (2001).

3

highest state court either by collateral attack or direct appeal. See O'Sullivan, 526 U.S. at 843 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845.

## III. DISCUSSION

The Second Circuit has held that "[t]o fulfill the exhaustion requirement, a petitioner must have presented the substance of his federal claims 'to the highest court of the pertinent state.'" Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994), cert. denied, 514 U.S. 1054 (1995).

Here, the respondent moves to dismiss on the ground that the petitioner has failed to exhaust his state court remedies as to all of his claims. The petitioner, despite notice from the court, has failed to file a response to the motion to dismiss.

The second amended petition form includes three claims:

> Claim One: The Appellate Court erred in affirming the trial court's dismissal of appellant's Habeas Corpus action; and the denial of certification. The appellant presented viable arguments regarding

4

> his claim of ineffective assistance of counsel. . . . Claim Two: The Appellate Court abused its discretion when it used its discretion to denied the appellant's petition for certification and further, the appellant's motion for fee waiver which was denied on March 10, 1998. . . . Claim Three: Denial of Due Process. Trial attorney never showed any effort to object the State's harmful questions during the pre-trial hearing and jury trial. . . . The appellate[] Court erred in affirming the trial court's dismissal of the appellant's Habeas Corpus action; and denial of certification. The appellant presented viable arguments regarding his claim of ineffective assistance of counsel.

(See Second Amended Pet. at 6, 8, 10.) Attached to the amended petition form is a document entitled "AMENDED PETITION" containing three counts: (1) counsel failed to object to the competency of the victim at the victim's deposition; (2) at the deposition, counsel failed to object to the official court reporter's failure to take the interpreter's oath when he translated the victim's testimony from Spanish to English; and (3) at the deposition, counsel failed to request that the deposition be videotaped.

After reviewing the grounds set forth in the second amended petition form, the court concludes that the first ground is a claim that the appellate court erred in affirming the trial court's dismissal of petitioner's three ineffective assistance of counsel claims, the second ground is a claim that the habeas court abused its discretion in denying the petitioner's request for certification to appeal the denial of the habeas petition and the third ground is essentially the same as the first ground. All three grounds were raised by the petitioner on appeal of the denial of his state habeas petition to the Connecticut Appellate and Supreme Courts. With respect to the three counts set forth in the document attached to the second amended petition form, only the first count has been fully exhausted. After the trial held in the petitioner's state habeas matter, the petitioner withdrew his claim regarding the unsworn interpreter and his claim regarding the videotape of the deposition. Sanchez v. Warden, CV 94 0544833, CV 94 0542105, slip op. at 1,

2 (Conn. Super. Ct. Jan. 26, 1998). Because the petitioner withdrew these two claims, they are not exhausted. As such, the present petition contains both exhausted and unexhausted claims.

The United States Court of Appeals for the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"). The court must then determine whether the petitioner would be precluded from having this court address all of his claims in the future if the court were to dismiss the present petition now.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), significantly amended 28 U.S.C. §§2244, 2253, 2254, and 2255. Specifically, the AEDPA amended §2244(d)(1) to now impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

6

>the United States is removed, if the applicant was prevented from
>filing by such State action;
>(C) the date on which the constitutional right asserted was initially
>recognized by the Supreme Court, if the right has been newly
>recognized by the Supreme Court and made retroactively
>applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims
>presented could have been discovered through the exercise of due
>diligence.
>(2) The time during which a properly filed application for State
>post-conviction or other collateral review with respect to the
>pertinent judgment or claim is pending shall not be counted toward
>any period of limitation under this subsection.

28 U.S.C. §2244(d).

A conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). See Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000). The Second Circuit has held that the limitations period does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. See 28 U.S.C. § 2244(d)(2)(statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim in pending"); Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(pending federal habeas petition doe not toll statute of limitations under 28 U.S. § 2244(d)(2)). Where a petitioner's conviction became final before the AEDPA's effective date of April 24, 1996, and there is no pending petition for collateral relief that would toll the statute of limitations, the Second Circuit has held that the petitioner must file his federal habeas corpus petition within one year after the enactment of the AEDPA, or on or before April 24, 1997. See Ross v. Artuz, 150

7

F.3d 97, 102-03 (2d Cir. 1998).

Here, the petitioner was sentenced in 1989 and the Connecticut Appellate Court affirmed his conviction in 1991. Because the petitioner's conviction became final before the enactment of the AEDPA, he is entitled to the one-year grace period within which to file a federal habeas petition. Accordingly, his petition must have been filed on or before April 24, 1997.

In December 1994, the petitioner filed a state habeas petition. A superior court judge denied the petition on January 26, 1998. On November 21, 2000, the Connecticut Appellate Court affirmed the decision of the habeas court per curiam. See Sanchez v. Commissioner of Correction, 60 Conn. App. 911, 726 A.2d 526 (2000) (per curiam). On January 3, 2001, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the decision of the Connecticut Appellate Court. See Sanchez v. Commissioner of Correction, 255 Conn. 925, 767 A.2d 99 (2001). The limitations period was tolled during the pendency of the state habeas petition and began to run again at the conclusion of the state habeas petition.[2] See 28 U.S.C. §2244(d)(1)(D)(2). On July 24, 2001, when the petitioner filed the present federal petition, 201 days of the limitations period had expired. The filing of a federal petition, however, does not toll the statute of limitations. See Duncan 533 U.S. at 181-82) (pending federal habeas petition did not toll one-year statute of limitations under 28 U.S.C. § 2244(d)).

---

[2] The petitioner does not allege that he filed a petition for certiorari with the United States Supreme Court following the Connecticut Supreme Court's denial of the petition for certification. The United States Supreme Court has held that a petitioner is not entitled to have the limitations period tolled for the ninety days within which he or she could have, but did not, file a petition for certiorari to the United States Supreme Court. See Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (holding that ninety-day period during which petitioner could have but did not file certiorari petition to United States Supreme Court from denial of state post-conviction petition is excluded from tolling under 28 U.S.C. § 2244(d)(2)).

Thus, were this court to dismiss the petition in its entirety, the petitioner would be time-barred from raising grounds five and six in a federal habeas petition.

In accordance with the recommendations set forth in Zarvela, the respondents' motion to dismiss is granted as to the two unexhausted grounds for relief, grounds five and six. The case is stayed as to grounds one through four. The petitioner is directed to commence exhausting his state court remedies as to the unexhausted grounds within thirty days of the date of this ruling and to file a notice in this case documenting his efforts to commence the exhaustion process. If the notice is not received by the court within forty days from the date of this ruling, the court will vacate this order dismissing the unexhausted grounds and staying the action as to the exhausted grounds and dismiss the petition nunc pro tunc in its entirety for failure to exhaust state court remedies. See Zarvela, 254 F.3d at 381 (noting that if petitioner failed to timely commence a state court action or timely return to federal court upon the conclusion of the state action, the stay may "be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed").

## Conclusion

The respondents' Motion to Dismiss [**doc. #15**] is **DENIED** as to the exhausted grounds for relief and **GRANTED** as to the unexhausted grounds for relief. Grounds five and six are **DISMISSED**. The case is **STAYED** as to grounds one through four.

The petitioner is directed to commence exhausting his state court remedies as to grounds five and six within **thirty** days of the date of this ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within **forty** days from the date of this ruling. If a notice documenting the exhaustion efforts has not been received by the court within forty days from the date of this order, the court will vacate this order dismissing the

unexhausted grounds and staying the action as to the exhausted grounds and the court will dismiss the amended petition <u>nunc</u> <u>pro</u> <u>tunc</u> for failure to exhaust state court remedies.

**SO ORDERED** this 17th day of December, 2003, at New Haven, Connecticut.

Peter C. Dorsey
United States District Judge