UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON SANCHEZ, | : | PRISONER |
| *Petitioner* | : | CASE NO. 3:01CV1558(PCD)(JGM) |
| | : | |
| v. | : | |
| | : | |
| MARK STRANGE, | : | OCTOBER 19, 2004 |
| JOHN ARMSTRONG, | : | |
| *Respondents* | : | |

RESPONDENT'S MOTION TO DISMISS

NOW COME THE RESPONDENTS and move this Court to dismiss the amended petition for writ of habeas corpus [Doc. # 8] filed in the above-captioned case. In accordance with Rule 9(a)1 of the Local Rules of Civil Procedure, a separate memorandum of law is submitted in support of this motion to dismiss. This motion is brought on the ground that the petitioner has failed to comply with the Court's order dated December 17, 2003 that he "commence exhausting his state court remedies as to [two unexhausted grounds] within **thirty** days of the date of this ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within **forty** days from the date of this ruling." (Emphasis in original.) Ruling and Order [Doc. # 18] at 9 (hereinafter "Ruling"). Pursuant to that order, the petitioner should have commenced exhausting his claims no later than January 16, 2004. Additionally, he should have notified the Court by January 26, 2004 of his efforts. He has failed to do so. Therefore, his petition now should be dismissed in its entirety.

I.  **ARGUMENT**

The petitioner has raised six claims for relief in a second amended petition [Doc. # 8] that was filed on June 25, 2002.  In March 2003, the respondent moved to dismiss the petition on ground that two of the petitioner's claims had not been presented to the Connecticut state courts and, therefore, were not "exhausted" as required by 28 U.S.C. § 2254.  See Motion to Dismiss [Doc. # 15] and supporting Memorandum of Law [Doc. # 16].  Rather than dismissing the petition in its entirety, this Court determined that the petitioner should be given the opportunity to present his two unexhausted claims to the state courts.  Thus, it ordered that the respondent's motion to dismiss be "**DENIED** as to the exhausted grounds for relief and **GRANTED** as to the unexhausted grounds for relief." (Emphasis in original.)  Ruling at 9.  The court also ordered that the case be stayed as to the exhausted grounds for relief.  Id.

The Court's order, however, was conditioned upon the petitioner commencing the process of "exhausting his state court remedies as to [the unexhausted grounds] within **thirty** days of the date of this ruling and [filing] a notice in this case documenting his efforts to commence the exhaustion process within **forty** days from the date of this ruling." (Emphasis in original.)  Ruling at 9.  The Court instructed that if "a notice documenting the exhaustion efforts has not been received by the court within forty days from the date of this order, the court will vacate this order dismissing the unexhausted grounds and staying the action as to the exhausted grounds and the court will dismiss the amended petition nunc pro tunc for failure to exhaust state court remedies."  Ruling at 9-10.

The Court's ruling was dated December 17, 2003.  <u>Thus, the petitioner should have filed a notice with the Court by January 26, 2004</u>.  He has not done so.  Because the petitioner has failed in his obligations, the respondent requests that this Court vacate its "order dismissing the unexhausted grounds and staying the action as to the exhausted grounds" and "dismiss the amended petition <u>nunc</u> <u>pro</u> <u>tunc</u> for failure to exhaust state court remedies."

## II.   CONCLUSION

For the reasons set forth above and in the accompanying memorandum of law, this Court should vacate its previous order and dismiss the "mixed" petition in its entirety.

            Respectfully submitted,

            RESPONDENTS--MARK STRANGE,
            JOHN J. ARMSTRONG


By: _____
    JO ANNE SULIK
    Assistant State's Attorney
    Civil Litigation Bureau
    Office of the Chief State's Attorney
    300 Corporate Place
    Rocky Hill, Connecticut 06067
    (860) 258-5887
    (860) 258-5968 (fax)
    E-mail: JoAnne.Sulik@po.state.ct.us
    Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this motion was mailed to Ramon Sanchez, Inmate No. 97354, Osborn Correctional Institution, 100 Bilton Road, P.O. Box 100, Somers, Connecticut 06071, on October 19, 2004.

---
JO ANNE SULIK
Assistant State's Attorney