UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAMON SANCHEZ, | : | PRISONER |
| *Petitioner* | : | CASE NO. 3:01CV1558(PCD)(JGM) |
| | : | |
| v. | : | |
| | : | |
| MARK STRANGE, | : | OCTOBER 19, 2004 |
| JOHN ARMSTRONG, | : | |
| *Respondents* | : | |

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss the amended petition for writ of habeas corpus filed in the above-captioned proceeding. That motion is brought on the ground that the petitioner has failed to comply with the Court's order dated December 17, 2003 that he "commence exhausting his state court remedies as to [two unexhausted grounds] within **thirty** days of the date of this ruling and to file a notice in this case documenting his efforts to commence the exhaustion process within **forty** days from the date of this ruling." (Emphasis in original.) Ruling and Order [Doc. # 18] at 9 (hereinafter "Ruling"). Pursuant to that order, the petitioner should have commenced exhausting his claims no later than January 16, 2004. Additionally, he should have notified the Court by January 26, 2004 of his efforts. He has failed to do so. Therefore, his petition now should be dismissed in its entirety.

## I.     HISTORY OF STATE COURT PROCEEDINGS[1]

After a jury trial, the petitioner was found guilty of possession of narcotics with intent to sell in violation of Connecticut General Statutes § 21a-277(a), sale of narcotics in violation of § 21a-277(a), using a person under the age of eighteen to violate § 21a-277 in violation of § 21a-278a(c), and conspiracy to sell narcotics in violation of §§ 21a-277(a)

---

[1]     This procedural history is compiled from documents appended to the respondent's Motion to Dismiss dated March 10, 2003 [Doc. # 15], as follows:

Appendix A    Connecticut Appellate Court's decision on direct appeal, State v. Sanchez, 25 Conn. App. 21, 592 A.2d 413 (1991)

Appendix B    Connecticut Appellate Court's decision on appeal from the decision of the state habeas court, Sanchez v. Commissioner of Correction, 60 Conn. App. 911, 762 A.2d 526 (2000)

Appendix C    Record on appeal from state habeas court's dismissal of petition

Appendix D    Petitioner's brief on appeal from state habeas court's dismissal of petition

Appendix E    Respondent's brief on appeal from state habeas court's dismissal of petition

Appendix F    Petitioner's reply brief on appeal from state habeas court's dismissal of petition

Appendix G    Petitioner's petition to the Connecticut Supreme Court for certification to appeal the decision of the Connecticut Appellate Court

Appendix H    Connecticut Supreme Court's decision denying the petitioner certification to appeal the decision of the Connecticut Appellate Court, Sanchez v. Commissioner of Correction, 255 Conn. 925, 767 A.2d 99 (2001)

Appendix I    Transcript of state habeas corpus proceedings of October 22, 1997

and 53a-48(a). State v. Sanchez, 25 Conn. App. 21, 22, 592 A.2d 413 (1991). He was sentenced to a total effective term of thirty-two (32) years incarceration. The petitioner appealed and his conviction was affirmed by the Connecticut Appellate Court on June 11, 1991. State v. Sanchez, 25 Conn. App. 21, 23, 592 A.2d 413 (1991).

On December 8, 1994, the petitioner filed a petition for writ of habeas corpus in state court. Appendix C at 1, 20. After an evidentiary hearing, the state habeas court dismissed the petition in a memorandum of decision dated January 23, 1998. Appendix C at 13-17. The petitioner filed a petition for certification to appeal the decision of the state habeas court pursuant to Connecticut General Statutes § 52-470(b) and that petition was denied. Appendix C at 18-19. He then appealed the decision of the state habeas court. That appeal was dismissed on November 21, 2000. Sanchez v. Commissioner of Correction, 60 Conn. App. 911, 762 A.2d 526 (2000) (per curiam). Thereafter, the petitioner petitioned the Connecticut Supreme Court for certification to appeal the decision of the Appellate Court. Appendix H. That petition was denied on January 3, 2001. Sanchez v. Commissioner of Correction, 255 Conn. 925, 767 A.2d 99 (2001).

## II.   HISTORY OF PROCEEDINGS IN THE INSTANT CASE

On July 24, 2001,[2] the petitioner initiated the instant habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Subsequently, he amended his petition. His six claims for relief are described in a second amended petition [Doc. # 8] that was filed on June 25, 2002.

---

[2] "Although the petition was received and docketed by the court on August 16, 2001, the court [deemed] the petition filed as of the date it was signed and presumably handed to correctional officials for mailing to the court. . . ." (Citation omitted.) Ruling and Order [Doc. # 18] at 3 n.1.

In March 2003, the respondent moved to dismiss the petition on the ground that two of the petitioner's claims had not been presented to the Connecticut state courts and, therefore, were not "exhausted" as required by 28 U.S.C. § 2254. See Motion to Dismiss [Doc. # 15] and supporting Memorandum of Law [Doc. # 16]. The Court agreed that these two claims were not exhausted. Rather than dismissing the petition in its entirety, however, the Court ordered that the respondent's motion to dismiss be "**DENIED** as to the exhausted grounds for relief and **GRANTED** as to the unexhausted grounds for relief." (Emphasis in original.) Ruling at 9. The Court also ordered that the case be stayed as to the exhausted grounds for relief. Id.

The Court's order, however, was conditioned upon the petitioner commencing the process of "exhausting his state court remedies as to [the unexhausted grounds] within **thirty** days of the date of this ruling and [filing] a notice in this case documenting his efforts to commence the exhaustion process within **forty** days from the date of this ruling." (Emphasis in original.) Ruling at 9. The Court instructed that if "a notice documenting the exhaustion efforts has not been received by the court within forty days from the date of this order, the court will vacate this order dismissing the unexhausted grounds and staying the action as to the exhausted grounds and the court ill dismiss the amended petition nunc pro tunc for failure to exhaust state court remedies." Ruling at 9-10.

### III.  ARGUMENT

In March 2003, the respondent moved to dismiss the petition on ground that two of the petitioner's claims had not been presented to the Connecticut state courts. See Motion to Dismiss [Doc. # 15] and supporting Memorandum of Law [Doc. # 16]. In these two claims, the petitioner alleged that "(2) at the deposition [of the minor victim], counsel failed to object to the official court reporter's failure to take the interpreter's oath when he translated the victim's testimony from Spanish to English; and (3) at the deposition, counsel failed to request that the deposition be videotaped." Ruling at 5. Both this Court and the state habeas court found that "[a]fter the trial held in the petitioner's state habeas matter, the petitioner withdrew his claim regarding the unsworn interpreter and his claim regarding the videotape of the deposition." Ruling at 5; Appendix C at 13-14. Because these two claims were withdrawn and had not been presented to the state courts, they were not "exhausted" as required by 28 U.S.C. § 2254(b)(1)(A) (Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ."). Generally, a petition that contains both exhausted and unexhausted claims--often called a "mixed" petition--must be dismissed. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982).

In this case, however, the Court found that if it were "to dismiss the petition in its entirety, the petitioner would be time-barred from raising [his unexhausted claims] in a federal habeas petition." Ruling at 9. Therefore, the Court adopted the recommendation of the U.S. Court of Appeals for the Second Circuit in Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001). In Zarvela, the court explained that when confronted by a "mixed" petition, "a district court should exercise discretion either to stay further proceedings . . . or to

5

dismiss the petition in its entirety." Zarvela, 254 F.3d at 380. When "an outright dismissal" of the entire petition "'could jeopardize the timeliness of a collateral attack'", a stay will be the preferable and only appropriate course of action. Id. To protect against excessive delays, however, "where a district court elects to dismiss only unexhausted claims and stay proceedings as to the balance of the petition, the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days." Id. at 381. "If either condition of the stay is not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed. . . ." Id.

  Here, the Court stayed the matter to allow the petitioner the opportunity to exhaust his claims. The conditions of the stay were not onerous. Rather, the Court simply conditioned its order upon the petitioner commencing the process of "exhausting his state court remedies as to [the unexhausted grounds] within **thirty** days of the date of this ruling and [filing] a notice in this case documenting his efforts to commence the exhaustion process within **forty** days from the date of this ruling." (Emphasis in original.) Ruling at 9. The Court cautioned that if "a notice documenting the exhaustion efforts has not been received by the court within forty days from the date of this order, the court will vacate this order dismissing the unexhausted grounds and staying the action as to the exhausted grounds and the court will dismiss the amended petition nunc pro tunc for failure to exhaust state court remedies." Ruling at 9-10.

The Court's ruling was dated December 17, 2003. <u>Thus, the petitioner should have filed a notice with the Court by January 26, 2004</u>. He has not done so. Moreover, counsel for the respondent has found no indication that he has attempted to present his two unexhausted grounds to the state courts. The Court gave the petitioner the opportunity to pursue his unexhausted grounds and stayed further proceedings on the exhausted claims while he did so. The <u>only</u> conditions that the Court placed upon its ruling were that the petitioner initiate the exhaustion process in a timely fashion <u>and</u> that he promptly report his efforts to the Court. Because the petitioner has failed in his obligations, the respondent requests that this Court vacate its "order dismissing the unexhausted grounds and staying the action as to the exhausted grounds" and "dismiss the amended petition <u>nunc pro tunc</u> for failure to exhaust state court remedies."

## IV.   CONCLUSION

For the reasons set forth above, this Court should vacate its previous order and dismiss the "mixed" petition in its entirety.

        Respectfully submitted,

        RESPONDENTS--MARK STRANGE,
        JOHN J. ARMSTRONG


By: _____
        JO ANNE SULIK
        Assistant State's Attorney
        Civil Litigation Bureau
        Office of the Chief State's Attorney
        300 Corporate Place
        Rocky Hill, Connecticut 06067
        (860) 258-5887
        (860) 258-5968 (fax)
        E-mail: JoAnne.Sulik@po.state.ct.us
        Fed. Bar. No. ct 15122


## CERTIFICATION

I hereby certify that a copy of this memorandum was mailed to Ramon Sanchez, Inmate No. 97354, Osborn Correctional Institution, 100 Bilton Road, P.O. Box 100, Somers, Connecticut 06071, on October 19, 2004.


_____
JO ANNE SULIK
Assistant State's Attorney