UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JUL 29  P 4: 11

U.S. DISTRICT COURT
BRIDGEPORT, C

RAMON SANCHEZ

                                  PRISONER

v.                        Case No. 3:01CV1558 (PCD)(JGM)

MARK STRANGE, ET AL.

## RULING AND ORDER

The petitioner, Ramon Sanchez, filed this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge his 1989 conviction on the charges of possession of narcotics with intent to sell, sale of narcotics, use of a person under eighteen years of age to possess narcotics with intent to sell and conspiracy to sell narcotics. On March 10, 2003, respondents moved to dismiss the second amended petition on the ground that the petitioner had not exhausted his state court remedies with regard to all grounds raised in the petition. On December 19, 2003, the court concluded that the second amended petition was a mixed petition, containing exhausted and unexhausted claims, granted respondents' motion to dismiss as to the unexhausted grounds for relief and stayed the case as to the exhausted grounds for relief. The court directed the petitioner to commence an action in state court to exhaust the unexhausted grounds within thirty days of the court's ruling and to file a notice with the court documenting his efforts to commence the exhaustion process. The court cautioned

the petitioner that if a notice documenting his attempts to begin the exhaustion process was not received within forty days, the court would dismiss the second amended petition <u>nunc pro tunc</u> as a mixed petition containing exhausted and unexhausted grounds for relief.

On October 20, 2004, the respondents filed a motion to dismiss the second amended petition on the ground that the petitioner has not notified the court that he has commenced the exhaustion process in state court. On April 25, 2005, the court issued an order directing the petitioner to respond to the motion to dismiss on or before May 10, 2005. To date, the petitioner has failed to submit the required notice regarding his attempts to begin exhausting his claims within the time specified, has not sought an extension of time within which to do so and has failed to respond to the renewed motion to dismiss despite notice from the court. Because the petitioner has failed to comply with the court's order to commence the exhaustion process as to the unexhausted claims, the second amended petition containing both exhausted and unexhausted claims must be dismissed as a mixed petition. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)(citing <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982))

Accordingly, the Ruling and Order **[doc. # 18]** granting the motion to dismiss and dismissing the petition as to the unexhausted grounds and imposing a stay as to the exhausted grounds is hereby **VACATED.** The renewed Motion to Dismiss **[doc. # 19]** is **GRANTED.**

2

The Second Amended Petition [**doc. # 8**] is **DISMISSED** without prejudice <u>nunc</u> <u>pro</u> <u>tunc</u> as to all grounds.  If the petitioner did commence an action in state court before January 18, 2004, he may file a motion to reopen this case.  Any motion to reopen shall be accompanied by evidence that the state petition was filed before January 18, 2004.  The Clerk is directed to enter judgment and close this case.

The Supreme Court has recently held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

<u>Slack</u>, 529 U.S. at 484.  In addition, the Court stated that,[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  <u>Id.</u>  This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has complied with the court's specific direction that he commence state court proceedings to exhaust the unexhausted claims and timely inform the court of the filing or that he should be

permitted to proceed further.  Accordingly, a certificate of appealability will not issue.

SO ORDERED.

Dated at New Haven, Connecticut this 18th day of July 2005.

Peter C. Dorsey
United States District Judge